**Jeanetta WEST, Plaintiff–Appellant,**

v.

**MEADWESTVACO, CORPORATION, Defendant–Appellee.**

No. 02–2609.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 10, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Jeanetta West, pro se, Noblesville, IN, for Plaintiff–Appellant.

Peter J. Rusthoven, Barnes & Thornburg, Indianapolis, IN, for Defendant–Appellee.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Jeanetta West sued her former employer, Westvaco Envelope Division, (formerly an unincorporated division of Westvaco Corp., which has since merged into Mead-Westvaco Corp.), asserting violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* West also asserted that MeadWestvaco terminated her in retaliation for filing a charge with the Equal Employment Opportunity Commission. After protracted pretrial discovery, the district court granted summary judgment in favor of MeadWestvaco.

On appeal, West has not identified any error made by the district court or developed an argument with citations to authority and parts of the record on which she relies. *See* Fed. R.App. P. 28(a)(9). Only in her reply brief does she introduce the undeveloped assertion that the court should have granted her additional time to conduct discovery before ruling on the defendant's motion for summary judgment, but arguments presented for the first time in a reply brief are waived. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir.2002). Although we construe pro se filings liberally, litigants still must comply with Rule 28(a)(9) or their appeals will be dismissed. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Accordingly, this appeal is DISMISSED.